

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-26-2003

# Ross v. Donkocik

Precedential or Non-Precedential: Non-Precedential

Docket 02-2410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Ross v. Donkocik" (2003). *2003 Decisions.* Paper 715.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/715

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2410
_____

CARMEN A. ROSS

Appellant

v.

DAVID DONKOCIK; BLAINE R. HANDERHAN

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cv-00872)
District Judge:  The Honorable Malcolm Muir

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2003

BEFORE: SLOVITER, NYGAARD, and ALARCON,[*] Circuit Judges.

(Filed  March 26, 2003)

_____

_____

*        Honorable Arthur L. Alarcon, Senior Circuit Judge for the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellant, Carmen A. Ross, Sr. ('Ross'), argues that the District Court erred by granting summary judgment against him on his claim that Appellees used excessive force during his arrest. On appeal, he contends that there exist issues of material fact and that the officers lacked probable cause for his arrest. We review the grant of summary judgment *de novo*, applying the familiar standard that a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Because we find no issues of material fact, and that Appellees are entitled to judgment as a matter of law, we will affirm the District Court's grant of summary judgment.

The history of this case, its facts, and procedure are well known to counsel, the parties, and the District Court. Inasmuch as we are writing a non-precedential opinion and only for the parties herein, we will recite only those facts necessary to our holding. This cases stems from events that transpired on May 17, 1999, when Appellees, Officers David Donkocik and Blaine Handerhan, attempted to execute a lawful bench warrant for the arrest of Carmen A. Ross, Jr., the Appellant's son. Ross, Jr. lived with his parents at their residence in Mount Carmel, Pennsylvania and the confrontation occurred when Officer Donkocik informed Ross that he was there to arrest Ross, Jr. Even viewing the record in

2

the light most favorable to Ross, it appears uncontroverted that Ross resisted the lawful attempts to arrest his son, thereby interfering with the administration of the law and necessitating his own arrest. The force used by the officers was justified in light of Ross's attempts to evade his arrest by flight.

After screaming obscenities at Officer Donkocik and refusing admittance for the purpose of arresting Ross, Jr., Ross was informed that he was also under arrest pursuant to 18 Pa.C.S. § 5101 for obstructing the administration of law or other governmental function.[1] Uncontroverted testimony showed that Ross physically resisted his own arrest and attempted to flee the officers by escaping through his house and out the back door. Ross's attempt to flee resulted in the need for the officers to use force in subduing him. The use of force consisted of tackling Ross and striking him on the back with a flashlight. Appellant's own son testified that the use of force transpired within a period of two to three seconds and that it "all happened real fast" and was over "like wham bam, that's it."

When a police officer uses force to effectuate an arrest, that force must be reasonable. We have explained that while such an inquiry into reasonableness is objective, we should "give appropriate scope to the circumstances of the police action, which are often 'tense, uncertain, and rapidly evolving.'" *Groman v. Township of Manalapan*, 47

---

1.      We note that Ross pleaded guilty to the charge of obstructing the administration of law or governmental function on April 4, 2002 in the Court of Common Pleas of Northumberland County. This guilty plea negates Ross's current argument that Appellees did not have probable cause to arrest him. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

F.3d 628, 634 (3d. Cir. 1995) (*quoting Graham v. Conner*, 490 U.S. 386, 397 (1989)).

The Supreme Court has endorsed several factors to be used in assessing the reasonableness of the force. One of which is "whether [the Appellant] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 397. Here, testimony showed that Ross pulled away from the grasp of Officer Handerhan and ran back through his kitchen in an attempt to flee the officers. As the District Court noted, the kitchen provides access to potentially dangerous weapons, like knives. Officers Donkocik and Handerhan simply used the force necessary to effectuate an arrest in a "tense, uncertain, and rapidly evolving" situation created when Ross forcibly attempted to flee.

We conclude that there is simply no evidence to support Ross's argument that excessive force was used. Summary judgment is appropriate because "the evidence would not support a reasonable jury finding that the police officers' actions were objectively unreasonable." *Groman*, 47 F.3d at 634. Thus, we will affirm the order of the District Court.

/s/ Richard L. Nygaard
Circuit Judge